UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ECHO BAY, LLC ,

                        Plaintiff,                             20 cv 6345 (PKC)

      -against-                                       ORDER

TORRENT PHARMA, INC..

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The heart of this lawsuit lies in the terms of a Co-Development Settlement Agreement ("CSA") and an amendment thereto between Echo Bay, LLC ("Echo Bay") and Torrent Pharma, Inc ("Torrent"). The CSA and amendment are attached to the Complaint (Compl. Exs. A.& B.) and Echo Bay seeks to seal them. It also seeks to file a redacted pre-motion letter referring to those two documents with an unredacted version furnished to the Court that it seeks to seal. It is undisputed that the terms of the CSA require Echo Bay and Torrent Pharma, Inc. to keep the terms of the CSA confidential.

        The memorandum of Echo Bay cites to the confidentiality provision in the CSA and to Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) but does not reference any information that would give a competitor an important advantage. In a conclusory, unsworn submission, it asserts that "those documents contain sensitive, competitive business information of the parties, including commercial terms of the parties' business dealings – including the identification and nature of the products being developed, the locations of development, and the commercial and financial terms surrounding such development" and disclosure would cause injury to the parties.

There is a common-law and First Amendment right of public access to judicial documents. Lugosch, 435 F.3d at 119–20. As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document. Id. at 119–20. To be classified a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ." Id.

Here, the Complaint and the pre-motion letter are critical to the judicial function and the Court's understanding of this action. They are judicial documents.

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document. The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, documents filed in connection with other non-dispositive motions

are subject to a "still substantial" presumption of public access, and discovery documents not filed with the court "lie entirely beyond the presumption's reach." Id. at 49–50, 53.

Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. Established factors and values that can outweigh the presumption of public access include legal privilege, Lugosch, 435 F.3d at 125 (stating that legal privilege could be a sufficient countervailing factor to outweigh the presumption of public access), business secrecy, see Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."), and privacy interests, see id. ("The court also considers 'the privacy interests of those resisting disclosure.' Financial records of a wholly-owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citation omitted) (quoting Lugosch, 435 F.3d at 120)). If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed. Additionally, sealing should be "narrowly tailored," Lugosch, 435 F.3d at 124, and redacting sensitive information is a preferable alternative to sealing an entire document. United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (stating that courts should "avoid sealing judicial documents in their entirety unless necessary").

Conclusory assertions of harm by an attorney in an unsworn memorandum are insufficient to establish a basis for sealing. No countervailing consideration is presented with deal sufficient for the Court to assess its merits.

Without the need for a sealing order, a party is free to annex to a portion of a larger document to a judicial submission if it only wishes to have the Court consider the portion filed on

the public record. The Court in such circumstances may order production of the entire document for inspection by the other side, but the public right of access is not implicated where the non-public portion is not made available to the Court. That is not the case here. Echo Bay has submitted both redacted and unredacted versions of a pre-motion letter in which it seeks to shield from public view references to run of the mill contractual terms.

Motion (Doc 7) to seal Exhibits A and B to the Complaint is DENIED. Letter motion (Doc 26) to seal unredacted version of promotion letter is DENIED. Echo Bay shall promptly file Exhibits A and B to the Complaint and its unredacted letter of September 14, 2020.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 15, 2020