

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/26/21__

DONNA REUTER
Attorney
(612) 492-6643
FAX (612) 677-3769
reuter.donna@dorsey.com

July 23, 2021

> Application GRANTED for substantially the reasons set forth in Torrent's letter. (Dkt. No. 85.) The Clerk of Court is respectfully directed to close Dkt. Nos. 83 and 85.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> July 26, 2021

**VIA ECF**

The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Echo Bay Pharmaceuticals, LLC, v. Torrent Pharma, Inc.*;
        Case No. 1:20-CV-06345-BCM

Dear Judge Moses,

We represent Defendant Torrent Pharma Inc. ("Torrent") in the above-referenced matter. Pursuant to the Court's Individual Rule 3, Torrent submits this letter requesting the Court's permission to seal certain materials that contain proprietary and commercially sensitive information in connection with Plaintiff Echo Bay Pharmaceuticals, LLC's ("Echo Bay's") Memorandum of Law in Support of its Motion for Leave to Amend the Complaint. Dkt. No. 82.

Both Exhibits M and N to the Second Amended Complaint are sought to be filed under seal. These documents include confidential information and communications related to the development of certain pharmaceutical products, including fluocinonide. In support of this letter motion to seal proprietary and commercially sensitive information, Torrent refers herein to the accompanying Declaration of Thomas Wiatrowski, Vice President of Business Development and Portfolio Management at Torrent, dated July 23, 2021 (the "Wiatrowski Declaration."). The documents and testimony that are the subject of this letter motion are attached as exhibits to Plaintiff's Letter Motion to Seal, Dkt. No. 84.

**I.   The Court Should Seal Torrent's Proprietary and Commercially Sensitive Information**

"Confidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-7417, 2017 U.S. Dist. LEXIS 182474, at *5-6 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)). Likewise, the sealing of documents that would reveal trade secrets is appropriate. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 143 (2d Cir. 2016). In particular, proprietary materials concerning marketing and advertising strategies and business development have been deemed appropriate for sealing by courts in this District. *See Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582,



The Honorable Barbara Moses
July 23, 2021
Page 2

2016 LEXIS 49029, at *9 (S.D.N.Y. Apr. 12, 2016) (holding that marketing and business development documents used to support a motion for summary judgment merited sealing); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 631 (S.D.N.Y. 2011); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

With this standard in mind, Torrent seeks to seal only the two newly submitted exhibits (of the fourteen total exhibits) filed in connection with Echo Bay's Amended Complaint. Dkt. Nos. 38, 84. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006) (reasoning that sealing of documents should be "narrowly tailored to achieve that aim").

## II.     The Exhibits Contain Proprietary and Commercially Sensitive Information

Exhibit M is an ANDA Withdrawal Request Form for fluocinonide created by Torrent for internal use. This internal-only document signals Torrent's business strategy and internal discussions regarding the economic opportunities for fluocinonide in the market as well as certain details regarding Torrent's physical facilities and strategic judgments about potential capital expenditures. This information, if made public, would impact Torrent's competitive position within the industry.

Exhibit N represents a compilation of email correspondence between various Torrent employees. These communications include internal Torrent communications related to product development and commercialization of various products at issue and communications between Torrent and Echo Bay related to drug development. These communications include confidential information related to Torrent's strategy related to fluocinonide development and also contain details regarding Torrent's physical facilities and strategic judgments about potential capital expenditures. The communications contain proprietary information that, if made public, would have significant effect on Torrent's competitive position within the industry.

Torrent maintains this information as confidential in the ordinary course and its disclosure would negatively impact the organization's competitive position. *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40–41 (S.D.N.Y. Mar. 29, 2016) (granting redaction request for qualitative market research and other documents because "Plaintiffs would be competitively harmed if they were revealed."). Here, Torrent is seeking to seal documents consisting of sensitive business, strategic, and marketing information. This information includes proprietary drug development information, discussions of product development, strategic planning, and facility planning. Information including strategic recommendations and frank opinions related to certain aspects of Torrent's business could be used by competitors to Torrent's detriment. These documents therefore warrant sealing due to their sensitive nature. *See Louis Vuitton Malletier*, 97 F. Supp. 3d at 511. The potential harm to Torrent from public disclosure of these documents outweighs the presumption of public access



The Honorable Barbara Moses
July 23, 2021
Page 3

to them.  *See, e.g., id.* at 510–11; *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Finally, pursuant to the Court's Individual Rule 3(f), "a party [may] seek[] leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it."  Echo Bay has requested that the documents be sealed.  Pursuant to the same Rule, Torrent confirms that the parties have met and conferred in advance of this motion and Echo Bay does not object to the sealing of Exhibits M and N.

We thank Your Honor for the Court's time and consideration of this matter.

    Respectfully submitted,

    DORSEY & WHITNEY, LLP

    *s/ Donna Reuter*
    RJ Zayed
    Ben D. Kappelman
    Wendy Feng
    Donna Reuter
    zayed.rj@dorsey.com
    kappelman.ben@dorsey.com
    feng.wendy@dorsey.com
    reuter.donna@dorsey.com
    50 South Sixth Street, Suite 1500
    Minneapolis, Minnesota 55402
    (612) 340-2600

    *Attorneys for Defendant Torrent Pharma Inc.*